UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VOLGA DNEPR UK LTD., | Case No. C20-800-RSM |
| Plaintiff, | MINUTE ORDER |
| v. | |
| THE BOEING COMPANY, *et al.*, | |
| Defendants. | |

The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, Chief United States District Judge: On May 27, 2020, Plaintiff Volga Dnepr UK Ltd. ("Volga") filed a Motion for a Temporary Restraining Order ("TRO") against Defendants the Boeing Company and Boeing Commercial Airplanes ("Boeing") to enjoin Boeing from selling four aircraft—the VQ-BIO, the VQ-BAB, the VW287, Line No. 1660, and the WF288, Line No. 1663—to any person or entity. Dkt. #4. Although Plaintiff notified Boeing's counsel of its intent to file the instant motion and supplied him with advanced copies, *id.* at 2, a certificate of service is not attached to their filing. *See generally id.*

On May 28, 2020, Boeing provided notice of their intent to oppose Plaintiff's motion while noting that Plaintiff failed to comply with the procedural requirements under LCR 65(b)(1).

MINUTE ORDER - 1

Dkt. #14 at 1. Boeing further states that it is "not aware of service having been properly effected . . . ." *Id.* at 2. In response, Plaintiff filed a certificate of service advising that Boeing's counsel was served "via electronic transfer protocol" the evening of May 27, 2020. Dkt. #15. On May 29, 2020, Boeing filed a notice of acceptance of service and waiver of personal service. Dkt. #16.

As an initial matter, the Court's Local Rules require that a motion for a TRO include a certificate of service, unless a plaintiff satisfies the requirements for issuance without notice under Fed. R. Civ. P. 65(b). *See* LCR 65(b)(1). Plaintiff failed to comply with this requirement by filing its certificate of service the following day. *See* Dkt. #15. Furthermore, Plaintiff's certificate of service does not address Boeing's claim of improper service. Instead, it only states that Boeing's counsel was served "via electronic transfer protocol at 5:27pm." Without further explanation from Plaintiff, the Court cannot conclude that service was properly effected. *See* Fed. R. Civ. P. 4(h)(1) (requirements for service on domestic corporation).

Given these deficiencies in effecting service, Defendants shall have **48 hours from the time of filing their May 29, 2020 waiver of service, Dkt. #16, to file their response.**

DATED this 29th day of May, 2020.

                          WILLIAM McCOOL, Clerk

                          By:   /s/ Paula McNabb
                                Deputy Clerk

MINUTE ORDER - 2